IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT ROY BUTCHER #719502 | § | |
| v. | § | CIVIL ACTION NO. 6:07cv410 |
| JUDITH K. GUTHRIE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Roy Butcher, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.  As Defendants, Butcher named the Hon. Leonard Davis, United States District Judge, and the Hon. Judith K. Guthrie, United States Magistrate Judge.

Butcher says that he had filed a civil action in state court regarding a probate matter. He was unsuccessful in this lawsuit, and so he filed a federal lawsuit against former Smith County Judge Larry Craig, two private attorneys, and the executor of the estate.  This lawsuit was dismissed as frivolous because Judge Craig was immune from suit, the remaining defendants were not state actors, and probate matters are not cognizable in federal court.  Butcher unsuccessfully sought reconsideration of this dismissal, and then appealed to the Fifth Circuit, which dismissed the appeal as frivolous; the Fifth Circuit explained that Butcher could not seek a reversal of the Texas probate court's judgment simply by casting his complaint in the form of a federal civil rights lawsuit. Butcher sought a writ of certiorari, which was denied by the U.S. Supreme Court.

Butcher then brought the present lawsuit, suing the district judge and the magistrate judge who had presided over his prior action.  He cites the Federal Tort Claims Act as jurisdictional authority and says that the district court "applied improper precedent" in dismissing his prior case.  He says that the judgment against him was "tortious" and interfered with his prospective business relationships, and that the federal court should have considered state law and answered the questions in the way that the highest state court would had resolved the issue.  Butcher says that "this tort claim is about the magistrate judge and district judge interfering and correcting [sic] the due process of proper rights enjoyed by the state and federal constitutions."  He appears to ask that the judges be required to reimburse him for the sums of money that he lost due to the improper handling of his estate.

After review of the pleadings, the Magistrate Judge issued a Report on October 23, 2007, recommending that the lawsuit be dismissed.  The Magistrate Judge first stated that Butcher had cast his lawsuit as a claim under the Federal Tort Claims Act, but the only proper defendant in a Federal Tort Claims Act case is the United States.  Furthermore, the Magistrate Judge said, the named defendants are entitled to immunity from suit for monetary damages, and even had Butcher properly named the United States as the defendant in his lawsuit, his claim would still fail based upon judicial immunity.  The Magistrate Judge therefore recommended that Butcher's lawsuit be dismissed as frivolous with prejudice.

Butcher filed objections to the Magistrate Judge's Report on November 7, 2007.  These objections essentially say that federal courts have jurisdiction in probate matters because state law creates due process entitlements, the Defendants in this case acted in the clear absence of jurisdiction and so are not entitled to immunity, claims of violations of constitutional rights are not subject to immunity, the All Writs Act provides the federal court with jurisdiction over state probate matters, the Defendants failed in their duty to protect Butcher's constitutional rights, the Defendants were bound to interpret the statute in the way in which the state's highest court would but failed to do so, the Magistrate Judge recommended dismissal because the courts "hate to grant money

damages to prisoners," and his claims should be put to a jury. Butcher asks that his lawsuit against Judge Craig, the attorneys, and the executor be reinstated and that he be awarded compensation, whether through a jury trial or settlement.

Butcher's objections are patently without merit. Federal courts lack jurisdiction over state probate matters and Judge Davis and Judge Guthrie are entitled to immunity from suits for monetary damages for actions taken in their judicial capacities. As the Fifth Circuit stated in the prior case, Butcher cannot recast his probate claim as a federal civil rights lawsuit in order to bring it into federal court. *See* Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986).

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A(b). It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 14th day of November, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE